UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALT SPORTS CARD FUND GP LLC, as the General Partner of Alt Sports Card Fund, L.P.; ALT PLATFORM, INC., <br><br>　Plaintiffs, <br><br>v. <br><br>BECKETT COLLECTIBLES, LLC, <br><br>　Defendant. | No. 3:22-cv-02867-N |

**BECKETT COLLECTIBLES, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (the "Opposition") [Dkt. 22], fails to adhere to Local Rules 7.1(i) and 7.2[1], and fails to save its negligent misrepresentation claim from dismissal because (1) Plaintiffs' attempt to pivot from the allegations in the Amended Complaint is futile and (2) Plaintiffs fail to offer any argument as to how they are distinct from the never-ending class of "subsequent purchasers." Twice now, Plaintiffs have failed to plead sufficient facts that would allow the court to draw a reasonable inference that Defendant Beckett Collectibles, Inc ("Beckett") can be liable to Plaintiffs, because such facts do not exist. Plaintiffs' claim for negligent misrepresentation against Beckett should be dismissed, with prejudice.

**I.　Plaintiffs' "direct communication" argument does not save their claim.**

Realizing their claim for "negligent grading" in 2016 will not survive dismissal, Plaintiffs attempt to pivot away from their Amended Complaint and argue that their alleged viewing of

---

[1] L.R. 7.1(i) requires a party who relies on materials to support or oppose a motion to include such materials in an appendix. L.R. 7.2 requires briefs longer than 10 pages to contain a table of contents and table of authorities and that the brief include citations to the appendix. Plaintiffs' Opposition fails to adhere to these requirements.

1

Beckett's website constitutes a direct negligent misrepresentation to Plaintiffs. Pls.' Opp. p. 4. Not only is that not what Plaintiffs allege in their Amended Complaint, but even if they attempt to argue a direct negligent misrepresentation, that claim likewise fails.

1. *Plaintiffs' Amended Complaint.*

Plaintiffs' Amended Complaint alleges that Beckett received the Card in October 2016, "negligently and incompetently determined that the Card was unaltered" in October 2016, certified the Card as authentic and unaltered in 2016, encapsulated the Card with the "Gem Mint" label in October 2016, and failed to label the Card as "Authentic-Altered" in October 2016. Pls.' Am. Compl. ¶¶ 47-52. Plaintiffs' actual claim points out the business and transaction of the Card grading occurred in October 2016, that Beckett allegedly "failed to exercise reasonable care or competence when it first evaluated [the] Card in October 2016," and that Beckett's alleged "negligent certification" of the Card, which occurred in 2016, caused Plaintiffs' damages. *Id.* at ¶¶ 69, 73, 75.

In response to Beckett's Motion to Dismiss, Plaintiffs are improperly attempting to add new factual allegations to their Amended Complaint and argue that it was not the 2016 grading and statement regarding the 2016 grading that is at issue, but instead, Plaintiffs' access to Beckett's website that repeats the 2016 grading. There are no allegations in the Amended Complaint, Plaintiff's second attempt to state a plausible claim, that the website statement is a new statement upon which Plaintiffs relied. Instead, Plaintiffs allege the 2016 statement on the Card was merely verified by Beckett's website. Pls.' Am. Compl. ¶ 71. Because a plaintiff cannot add factual allegations to their complaint by way of his response to a motion to dismiss, this argument must be ignored. *Bennett v. JPMorgan Chase*, No. 3:12–CV–212–N, 2013 WL 655059, at *7 n. 7 (N.D. Tex. Feb. 5, 2013), *rec. adopted*, 2013 WL 655054 (N.D. Tex. Feb. 22,

2013).

   2. *Beckett's website does not support a claim for negligent misrepresentation.*

Even if Plaintiffs properly pleaded that the "statement" on Beckett's website is the source of their negligent misrepresentation claim, it still would not survive dismissal because (1) Beckett's website terms of service disclaim such liability, (2) statements via an online source available to the public are not enough for negligent misrepresentation, and (3) such statements are mere repetition.

First, the terms of service of Beckett's website disclaim the liability Plaintiffs seek. Specifically, the Terms of Service state:

> Any person who accesses Beckett.com and/or uses the services provided has expressly accepted the terms and conditions of this Terms of Use Agreement ("Agreement") without change. By using the services of Beckett, you (referred to herein as "Member" or "you" or "your") agree to be bound by all terms and conditions of this Agreement and all policies and guidelines incorporated by reference.

Ex. 1, Beckett Website Terms of Use, p. 1 (App'x p. 2).[2] By using Beckett's website, Plaintiffs agreed to the terms of use. The terms further state:

> Beckett.com is not intended for commercial use. The features and tools are structured and developed for the individual collector and their personal collections. If you wish to utilize the services Beckett has for commercial purpose, such as to start your own collectibles business, please contact ecommerce@beckett.com for further information on becoming a Beckett marketplace dealer. If Member uses Beckett.com for anything other than personal purposes, Beckett does not guarantee access, functionality, or updated capability, and may revoke access to Beckett.com if Member is using the site or Services for any purpose that might be detrimental to Beckett, Beckett.com, the Services, or other members.

*Id.* Plaintiffs are all entities involved in the business of buying and selling trading cards. Thus,

---

[2] The Court may consider Beckett's website terms and conditions because Beckett's website is specifically referred to in Plaintiffs' Complaint, a printout from Beckett's website is attached to the Complaint, and Beckett's website is (as of Plaintiffs' Opposition) central to Plaintiffs' claim. *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179 (S.D. Tex. 2008)

27980147v1 92001.031.00

the information on Beckett's website was not intended for them to use in support of their commercial business.

>Moreover, the terms state:
>
>Beckett is not responsible for any incorrect or inaccurate Content posted on the Website or in connection with the Services provided, whether caused by Members of the Services or by any of the equipment or programming associated with or utilized in the Services… Under no circumstances shall Beckett be responsible for any loss or damage, including personal injury or death, resulting from use of the Services, attendance at a Beckett event, from any Content posted on or through the Services, or from the conduct of any Member of the Services, whether online or offline.

*Id.* at § 16 (App'x pp. 9-10).

>In no event will Beckett be liable to Member or any third person for any indirect, consequential, exemplary, incidental, special or punitive damages, including also lost profits arising from your use of the Web site or the Service, even if Beckett has been advised of the possibility of such damages. Notwithstanding anything to the contrary contained herein, Beckett's liability to Member for any cause whatsoever, and regardless of the form of the action, will at all times be limited to the amount paid, if any, by Member to Beckett for the Service during the term of membership.

*Id.* at § 17 (App'x p. 10).

>All transactions are strictly between the buyer, seller, or other participant. In the event a dispute arises between one or more Members, each fully and unconditionally releases and agrees to indemnify and hold Beckett (and its agents, employees, officers, and directors) harmless from and against any and all claims, demands, causes of action, or damages of any kind, known or unknown, suspected or unsuspected, disclosed or undisclosed, and whether arising in tort or contract, in connection with such dispute.

*Id.* at § 18.

>Beckett.com and all Services available therein are provided on an "as is, where is" basis. Beckett makes no representation or warranties express, implied or otherwise, including but not limited to:
>
>E. Any obligation, liability, right, claim, or remedy in tort, whether or not arising from the negligence of Beckett to the full extent permissible under applicable law, Beckett disclaims any and all such warranties.

27980147v1 92001.031.00

*Id.* at § 22 (App'x p. 11). Consequently, Plaintiffs' alleged use of Beckett's website cannot be used to support their tort claim of negligent misrepresentation. *See Robinson v. Match.com, L.L.C.*, No. 3:10-CV-2651-L, 2012 WL 5007777, at *12 (N.D. Tex. Oct. 17, 2012), *aff'd sub nom. Malsom v. Match.com, L.L.C.*, 540 F. App'x 412 (5th Cir. 2013) (finding use of website constituted agreement to be bound by terms and conditions, which included the numerous disclaimers).

Additionally, contrary to Plaintiffs' arguments, statements online and available for members of the public to view are exactly the type of statements that cannot support a negligent misrepresentation claim because "members of the public" is not a "limited group" for the purposes of imposing liability for a negligent misrepresentation claim. *See Grant Thornton LLP v. Prospect High Income Fund,* 314 S.W.3d 913, 920 (Tex. 2010) (analyzing statements made via online source available to any member of the public). Thus, Plaintiffs' pivot to viewing Beckett's website as a "direct communication" does not save their claim from dismissal.

Finally, the mere repetition of a statement does not create a new tort. *See United Healthcare Servs., Inc. v. First St. Hosp. LP*, 570 S.W.3d 323, 346 (Tex. App. 2018) (discussing analogous reasoning that subsequent statements that are the same as those previously made, do not give rise to a new claim). Plaintiffs allege they first viewed the Card and the grading label on the Card and then merely verified the grading information via Beckett's website. Pls.' Am. Compl. ¶¶ 53-54. The "statement" on the Card (*i.e.,* the grade assigned by Beckett), is the same as the "statement" on Beckett's website. *Compare* Pls.' Am. Compl. ¶ 51 *with id.* at Ex. 4. Thus, again, Plaintiffs' pivot does not save their claim.

For all these reasons, whether Plaintiffs viewed the alleged "statement" on the Card or on Beckett's website, Beckett cannot be liable for such statements and Plaintiffs' claim must be

dismissed.

### II. Plaintiffs still fail to distinguish themselves from the general public for the purposes of a negligent misrepresentation claim.

Plaintiffs' Opposition makes no attempt to define themselves as a "limited class of potential plaintiffs," as required by Texas law. Instead, Plaintiffs misread guidance and argue this issue should wait until summary judgment. Such arguments fail because the facts pleaded by Plaintiffs demonstrate their lack of ability to state a claim and the misinterpretations do nothing to support their claim.

First, Texas courts have granted motions to dismiss where a plaintiff fails to establish they are part of the limited group that can bring a negligent misrepresentation claim. *See e.g., Audler v. CBC Innovis Inc.*, 519 F.3d 239, 252 (5th Cir. 2008) (granting motion to dismiss where plaintiff failed to establish he was a member of the limited group); *Griffin v. GK Intelligent Sys., Inc.,* No. CIV. A. H-98-3847, 2000 WL 195108, at *3 (S.D. Tex. Feb. 8, 2000) (granting motion to dismiss negligent misrepresentation claim because potential investors are not a "limited group" under § 522). Moreover, though Plaintiffs argue "potential purchasers" may be part of a "limited group" depending on the facts of the particular case, they do nothing to relate such argument to the facts pleaded here. The argument that this issue should wait until summary judgment has no support.

Further, Plaintiffs' reliance on *Cook Consultants, Inc v. Larson*, 700 S.W. 231, 236 (Tex. App. 1985) is misplaced because that court looked to determine the scope of duty by considering three factors, but Texas has since rejected that foreseeability standard in favor of the Torts Restatement approach. *In re Soporex, Inc.*, 446 B.R. 750, n.24 (Bankr. N.D. Tex. 2011). Even in a case relied upon by Plaintiffs, the court reiterated "[t]he fact that it was merely possible or foreseeable that a nonclient of the information supplier would rely on the information is

insufficient." *Clauer v. Heritage Lakes Homeowners Ass'n, Inc.*, 726 F. Supp. 2d 668, 674 (E.D. Tex. 2010) (citations omitted).[3] Plaintiffs' Opposition even quotes the Restatement's guidance that "[i]t is not enough that the maker merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon it, on the part of anyone to whom it may be repeated." Pls.' Opp. p. 10 (quoting Restatement (Second) of Torts § 522, comment h). Indeed, the same quoted comment states that the "group or class of persons" must be "distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it." *Id.* Plaintiffs have not and cannot distinguish themselves from the much larger class of potential purchasers—*i.e.,* anyone.

The Court needs to go no further than the facts pleaded by Plaintiffs to determine that Plaintiffs' claim is part of the "unlimited liability" courts seek to protect against. Plaintiffs Opposition merely reiterates they were a "potential purchaser" and makes no argument they are part of any limited or specific class or group. Anyone in the world could have purchased the Card, anyone in the world could have viewed Beckett's website, anyone in the world could have been a "potential purchaser." That is not a limited group. Indeed, "even an obvious risk that a misrepresentation might be repeated to a third party is not enough to satisfy the reason-to-expect standard." *Mid States Dev., L.L.C. v. Fid. Nat. Title Ins. Co.*, No. CIV. A. 399CV1966M, 2001 WL 1172215, at *4 (N.D. Tex. Sept. 28, 2001). Because no further facts would change this analysis, dismissal of Plaintiffs' claim, with prejudice, is proper.

---

[3] This case was mistakenly cited by Plaintiffs as 725 F. Supp. 2d 668.

27980147v1 92001.031.00

## CONCLUSION

For the reasons set forth herein, Defendant Beckett Collectibles, LLC requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice, and grant such further relief to which Beckett may be entitled.

Dated: May 15, 2023

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas State Bar No. 24028045
Abigail R.S. Campbell
Texas State Bar No. 24098959
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
acampbell@condontobin.com

*Attorneys for Defendant
Beckett Collectibles, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, the foregoing was electronically submitted to the clerk of court for the United States District Court for the Northern District of Texas using the Court's electronic filing system and that all counsel of record have been served electronically or as authorized by the Federal Rules of Civil Procedure.

*/s/ Abigail R.S. Campbell*
Abigail R.S. Campbell

27980147v1 92001.031.00