IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALT SPORTS CARD FUND GP LLC, as the General Partner of Alt Sports Card Fund, L.P.; ALT PLATFORM, INC., <br><br>　Plaintiffs, <br><br>v. <br><br>BECKETT COLLECTIBLES, LLC, <br><br>　Defendant. | No. 3:22-cv-02867-N |

**BECKETT COLLECTIBLES, LLC'S ANSWER TO AMENDED COMPLAINT**

Defendant Beckett Collectibles, LLC ("Beckett") hereby answers Plaintiff's Complaint and respectfully states as follows:

**VENUE, JURISDICTION, AND PARTIES**

1.　Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 and based on that denies the same.

2.　Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and based on that denies the same.

3.　Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and based on that denies the same.

4.　Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and based on that denies the same.

5.　Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and the allegations in Paragraph 5 are legal conclusions to which no response is required, thus Beckett denies the allegations in Paragraph 5.

6.　Beckett is without knowledge or information sufficient to admit or deny the

allegations in Paragraph 6 and based on that denies the same.

7. Beckett admits that it is a Limited Liability Corporation authorized to do business in Texas. Beckett denies the remaining allegations in Paragraph 7.

8. Beckett admits that it has appeared in this lawsuit and denies each and every remaining allegation in Paragraph 8.

9. Beckett admits the allegations in Paragraph 9.

10. Beckett is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and the allegations in Paragraph 10 are legal conclusions to which no response is required, thus Beckett denies the allegations in Paragraph 10.

11. Beckett admits that Plaintiffs are seeking in excess of $75,000 but denies Plaintiffs are entitled to anything.

12. The allegations of Paragraph 12 are legal conclusions regarding original jurisdiction to which no response is required. To the extent a response is required, Beckett admits that Plaintiffs are seeking in excess of $75,000 but denies Plaintiffs are entitled to anything.

13. Beckett denies the allegations in Paragraph 13.

## STATEMENT OF FACTS

### a. The Market for Sports Trading Cards

14. Beckett admits the allegations in Paragraph 14.

15. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 15 and on that basis denies the same.

16. Beckett admits that various factors can affect the value of a sports training card and denies each and every remaining allegation in Paragraph 16.

### b. Beckett's Certification, Grading, and Encapsulation of Sports Trading Cards.

17. Beckett admits the allegations in Paragraph 17.

18. Beckett denies the allegations in Paragraph 18.

19. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 19 and on that basis denies the same.

20. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 20 and on that basis denies the same.

21. Beckett denies the allegations in Paragraph 21.

22. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 22 and on that basis denies the same.

23. Beckett admits that a graded card can be placed into a tamper-proof slab and denies each and every remaining allegation of Paragraph 23.

24. Beckett admits that it utilizes tamper-proof slabs and denies each and every remaining allegation of Paragraph 24.

25. Beckett admits that when a card is placed into its tamper-proof slab, it is impossible to non-destructively break open the slab and denies each and every remaining allegation of Paragraph 25.

26. Beckett admits that it has a process for grading sports trading cards and denies each and every remaining allegation of Paragraph 26.

27. Beckett admits that it evaluates sports trading cards and denies each and every remaining allegation of Paragraph 27.

28. Beckett denies the allegations in Paragraph 28.

29. Beckett denies the allegations in Paragraph 29.

30. Beckett lacks information sufficient to admit or deny the allegations in Paragraph

30 and on that basis denies the same.

31. Beckett denies the allegations in Paragraph 31.

32. Beckett states that the quoted text speaks for itself and denies each and every remaining allegation in Paragraph 32.

### c. Card "Trimming" – a Scourge on the Sports Card Industry.

33. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 33 and on that basis denies the same.

34. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 34 and on that basis denies the same.

35. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 35 and on that basis denies the same.

36. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 36 and on that basis denies the same.

37. Beckett denies the allegations in Paragraph 37.

38. Beckett denies the allegations in Paragraph 38.

39. Beckett denies the allegations in Paragraph 39.

### d. Beckett Specifically Intends for Subsequent Purchasers of the Sports Trading Cards it Grades to Rely on its Grading.

40. Beckett denies the allegations in Paragraph 40.

41. Beckett denies the allegations in Paragraph 41.

42. Beckett denies the allegations in Paragraph 42.

43. Beckett denies the allegations in Paragraph 43.

44. Beckett denies the allegations in Paragraph 44.

45. Beckett admits that it assigns serial numbers to graded sports trading cards and

denies each and every remaining allegation in Paragraph 45.

46. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 46 and on that basis denies the same.

### e. Beckett Misgrades a 2009 Steph Curry Rookie Card as Unaltered in October 2016.

47. Beckett admits it received and 2009 Topps Chrome #101 Stephen Curry Gold Refractor 26/50 card for grading and denies each and every remaining allegation in Paragraph 47.

48. Beckett denies the allegations in Paragraph 48.

49. Beckett denies the allegations in Paragraph 49.

50. Beckett denies the allegations in Paragraph 50.

51. Beckett denies the allegations in Paragraph 51.

52. Beckett denies the allegations in Paragraph 52.

### f. Alt Thereafter Reasonably Relies on BGS' Certification of the Steph Curry Rookie Card as unaltered and Being in 9.5 "Gem Mint" Condition.

53. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 53 and on that basis denies the same.

54. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 54 and on that basis denies the same.

55. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 55 and on that basis denies the same.

56. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 56 and on that basis denies the same.

### g. Steph Curry Substantially Improves his NBA Legacy and the Value of his Sports Trading Cards in 2022.

5

57. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 57 and on that basis denies the same.

58. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 58 and on that basis denies the same.

59. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 59 and on that basis denies the same.

60. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 60 and on that basis denies the same.

61. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 61 and on that basis denies the same.

62. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 62 and on that basis denies the same.

### g. [sic] PSA's September 2022 Evaluation of the Steph Curry Rookie Card Reveals it has Been Trimmed, which BGS then Confirms.

63. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 63 and on that basis denies the same.

64. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 64 and on that basis denies the same.

65. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 65 and on that basis denies the same.

66. Beckett lacks information sufficient to admit or deny the allegations in Paragraph 66 and on that basis denies the same.

67. Beckett denies the allegations in Paragraph 67 and further denies that the quoted

28137241v1 92001.031.00

text appears in the cited Exhibit.

## COUNT I – NEGLIGENT MISREPRESENTATION

68. Beckett incorporates the preceding paragraphs as if full set forth herein.

69. Beckett denies the allegations in Paragraph 69.

70. Beckett denies the allegations in Paragraph 70.

71. Beckett denies the allegations in Paragraph 71.

72. Beckett denies the allegations in Paragraph 72.

73. Beckett denies the allegations in Paragraph 73.

74. Beckett denies the allegations in Paragraph 74.

75. Beckett denies the allegations in Paragraph 75.

76. Beckett denies the allegations in Paragraph 76 and the allegations in the paragraph following Paragraph 76.

## JURY DEMAND

77. Paragraph 77 is a statement of the case to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

Beckett denies the allegations in the WHEREFORE Paragraph and further denies that Plaintiffs are entitled to the relief requested or to any relief as to its cause of action. Beckett prays that Plaintiffs' claims be dismissed with prejudice at Plaintiffs' cost and for such other and further relief as to the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiffs, Beckett asserts the following affirmative defenses.

1. Beckett denies each and every allegation of the Amended Complaint that is not expressly admitted herein.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

3. Plaintiffs have suffered no compensable damages as a result of Beckett's alleged conduct, which Beckett continues to deny.

4. Plaintiffs' claims are barred from recovery, in whole or in part, because Plaintiffs failed to mitigate any damages they claim to have sustained, if any.

5. Some or all of the damages of which Plaintiffs complain, if any, are the result of the fault and/or actions of Plaintiffs themselves.

6. Some or all of the damages, if any, of which Plaintiffs complain are the result of the fault and/or actions of third parties over whom Beckett had no control, and/or were the result of intervening causes.

7. At all times relevant to this action, Beckett exercised the requisite degree of care, prudence and truthfulness in undertaking any of the conduct of which Plaintiffs complain.

8. Plaintiffs' claims are barred from recovery, in whole or in part, by the doctrine of waiver.

9. Plaintiffs' claims are barred from recovery, in whole or in part, by the statute of limitations.

10. Plaintiffs' claims are barred from recovery, in whole or in part, by the doctrine of laches.

11. Plaintiffs' claims are barred from recovery, in whole or in part, by the doctrine contributory negligence.

12.     Plaintiffs' claims are barred from recovery, in whole or in part, by assumption of risk.

13.     Plaintiffs' claims are barred from recovery, in whole or in part, because the statement at issue was an opinion.

14.     Plaintiffs' claims are barred from recovery, in whole or in part, because they are not within the limited group of plaintiffs who can bring a negligent misrepresentation claim under the facts of this case.

Dated: November 7, 2023                     Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Kendal B. Reed* |
|  | Aaron Z. Tobin |
|  | Texas Bar No. 24028045 |
|  | atobin@condontobin.com |
|  | Kendal B. Reed |
|  | Texas Bar No. 24048755 |
|  | kreed@condontobin.com |
|  | Abigail R.S. Campbell |
|  | Texas Bar No. 24098959 |
|  | acampbell@condontobin.com |
|  | **CONDON TOBIN SLADEK THORNTON NERENBERG PLLC** |
|  | 8080 Park Lane, Suite 700 |
|  | Dallas, Texas 75231 |
|  | Telephone: (214) 265-3800 |
|  | Facsimile:  (214) 691-6311 |
|  | ATTORNEYS FOR DEFENDANT |

28137241v1 92001.031.00

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2023, the foregoing was electronically submitted to the clerk of court for the United States District Court for the Northern District of Texas using the Court's electronic filing system and that all counsel of record have been served electronically or as authorized by the Federal Rules of Civil Procedure.

                                                 */s/ Kendal B. Reed*
                                                 Kendal B. Reed

28137241v1 92001.031.00