IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **ALT SPORTS CARD FUND GP LLC,** § <br> as the General Partner of Alt Sports Card § <br> Fund, L.P.; and **ALT PLATFORM, INC.,** § <br> § <br> Plaintiffs, § <br> § <br> **v.** § <br> § <br> **BECKETT COLLECTIBLES, LLC,** § <br> § <br> Defendant. § | Case No. 3:22-CV-02867-N |

## MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Proposed Intervenor Christopher Ladd ("Proposed Intervenor") to file this Motion to Intervene pursuant to Rule 24, and for such would respectfully show the Court as follows:

1. Proposed Intervenor Ladd moves to intervene in this action as a defendant, and seeks leave to file the Answer in Intervention and Cross-Claim made as Exhibit A hereto pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, Rule 24(b)(1)(B).

2. Proposed Intervenor purchased the Steph Curry trading card made the subject of this suit after Defendant "graded" the card and sealed it in a tamper-proof container. Plaintiffs have sued Proposed Intervenor in a district court in Wisconsin related to this exact same transaction for alleged representations made regarding Defendant's grading of the card.

3. Proposed Intervenor relied on the same negligent misrepresentations made by Defendant that Plaintiffs alleged they relied upon when they purchased the card at auction in 2020 from Proposed Intervenor. Proposed Intervenor was damaged by his reliance on the Defendant's

negligent misrepresentations in two respects: first, if Plaintiffs' allegations are true, he paid more than the fair market value of the card in its true condition, and second, he communicated Defendant's grading findings in the auction listings for which Plaintiffs seek to recover damages from Proposed Intervenor.

4.  As more fully set forth in the Memorandum and Brief in Support of Motion to Intervene filed herewith, this motion is timely. Further, Proposed Intervenor shares a common defense with Defendant that if the Curry Card was not altered and/or trimmed when first graded by BGS, the Plaintiffs cannot meet the burden of their claims against Defendant or Proposed Intervenor. Moreover, by its proposed cross-claim, Proposed Intervenor claims an interest relating to the transaction that is the subject of this action, disposing of this action may as a practical matter impair Proposed Intervenor's ability to protect its interest, and neither Plaintiffs nor Defendant adequately represent Proposed Intervenor's interest. Accordingly, Proposed Intervenor should be permitted to intervene as a matter of right pursuant to Rule 24(a)(2).

5.  In the alternative, the Court should grant Proposed Intervenor's motion to intervene pursuant to Rule 24(b)(1)(B) as Proposed Intervenor has a cross-claim against Defendant that shares with Plaintiffs' action a multitude of common questions of law and fact by virtue of Plaintiffs' and Proposed Intervenor's shared experience: each relied upon the same negligent misrepresentations made by Defendant concerning the Steph Curry sports trading card made the subject of this suit to their detriment when each subsequently purchased the card. The duty owed by Defendant to subsequent purchasers of the card when it graded it is a common question of law. Whether that duty was breached by Defendant when it graded the card in October 2016 is a common question of fact. The representations which were made by Defendant, the truth or falsity of such representations, and negligence in the grading process are all common questions of fact

shared between Proposed Intervenor's cross-claim and Plaintiffs' cause of action, and present common questions as to Defendant's defenses to each. Accordingly, to avoid duplicative litigation and unnecessary burden on parties, the Court should permit permissive intervention under Rule 24(b)(1)(B).

6. The factual and legal grounds on which Proposed Intervenor relies are set forth in the Memorandum and Brief in Support of Motion to Intervene filed contemporaneously with this Motion.

7. Based on the grounds set forth above and the arguments and authorities in Proposed Intervenor's accompanying Memorandum and Brief in Support of Motion to Intervene, Proposed Intervenor requests that the Court grant its Motion to Intervene, give Proposed Intervenor leave to file the Answer in Intervention and Cross-Claim made Exhibit A hereto, and award Proposed Intervenor all such other and further relief to which he may be justly entitled.

Dated January 23, 2024.

          RESPECTFULLY SUBMITTED:

          KESSLER COLLINS, P.C.

          By:    /s/ Lisa C. Tulk
                 LISA C. TULK
                 Texas Bar No. 24047004
                 ltulk@kesslercollins.com
                 ANTHONY J. BARBIERI
                 Texas Bar No. 24025235
                 ajb@kesslercollins.com

          500 North Akard Street, Suite 3700
          Dallas, TX 75201
          (214) 379-0722 (phone)
          (214) 373-4714 (fax)

          **ATTORNEYS FOR CHRISTOPHER LADD**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2024, a true and correct copy of the foregoing was served on Plaintiff's counsel of record by electronic submission through the automated ECF system for the U.S. District Court of the Northern District of Texas.

*/s/ Lisa C. Tulk*
LISA C. TULK