**IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ALT SPORTS CARD FUND GP LLC, | § | |
| as the General Partner of Alt Sports Card | § | |
| Fund, L.P.; ALT PLATFORM, INC. | § | |
| | § | |
| Plaintiffs | § | |
| | § | No. 3:22-CV-2867 |
| v. | § | |
| | § | |
| BECKETT COLLECTIBLES LLC | § | |
| | § | |
| Defendant | § | |

## PLAINTIFFS' MOTION TO LIMIT AND/OR EXCLUDE THE PROPOSED EXPERT TESTIMONY OF KEVIN ISAACSON

The Plaintiffs, Alt Sports Card Fund GP, LLC, in its capacity as the general partner of Alt Sports Card Fund, L.P., and Alt Platform, Inc. (collectively "Alt"), hereby submit this Motion to Limit and/or Exclude the Proposed Expert Testimony of Kevin Isaacson.

## BACKGROUND

The Defendant, Beckett Collectibles LLC ("Beckett") operates a sports trading card grading business. It claims to be the "#1 Card Grading Service in the Industry" and to provide "the most accurate and trusted grading in the collectibles industry." Ex. 1. Beckett also "guarantees" that it "provides collectors with the finest, most thorough, consistent and accurate grading efforts available in the industry." *Id.*

On August 12, 2016, Keith Koenig submitted a 2019-10 Topps Chrome Refractors Gold Steph Curry Card to Beckett for grading. Ex. 2 at 154-155. This is an extremely rare card. There were only 50 such cards in that series, and each card has a unique serial number (*e.g.,* 26/50). Beckett evaluated that this 2019-10 Topps Chrome Refractors Gold Steph Curry Card was "trimmed." *Id.* at 155. Beckett then sent the card back to Mr. Koenig by FedEx Ground no later than August 26, 2016. *Id.* at 153-155.

1

On September 2, 2016, Mr. Koenig again submitted a 2019-10 Topps Chrome Refractors Gold Steph Curry Card to Beckett for grading. Ex. 2 at 161. Beckett was able to determine that this card was trimmed. *Id.* Beckett then sent the card back to Mr. Koenig by Fedex Ground no later than September 19, 2016. *Id.* at 153-155.

On October 3, 2016, Mr. Koenig again[1] submitted a 2019-10 Topps Chrome Refractors Gold Steph Curry Card to Beckett for grading. Ex. 2 at 169-170. This time, Beckett did not identify the card as trimmed, but instead graded the card as being in "9.5 Gem Mint condition." *Id.* This is the Steph Curry Card at issue in this case.

In 2020, Plaintiffs purchased the 2019-10 Topps Chrome Refractors Gold Steph Curry Card based on Beckett's grading and certification that the card was in "9.5 Gem Mint condition." Unbeknownst to Plaintiffs, the card was trimmed and should never have been graded.

In 2022, Beckett re-graded the Steph Curry Card at issue. This confirmed that the card was trimmed because it measured short, and the top edge showed signs of trimming. Ex. 3 at 130:2-14; *see also id.* at 123:1-22. Plaintiffs filed this lawsuit in December 2022. Dkt. 1.

Kevin Isaacson became the CEO of Beckett Group in May 2023. Ex. 3 at 7:4-8:7. Mr. Isaacson has no personal knowledge whatsoever about Beckett's grading of the Steph Curry Card in either 2016 or 2022. *Id.* However, Beckett disclosed Mr. Isaacson as a "non-retained expert witness." Ex. 4 at 2-5. Mr. Isaacson did not prepare an expert report. *See* Ex. 3 at 205:23-206:1.

---

[1] Since Beckett did not keep track of the serial numbers of the two previous 2019-10 Topps Chrome Refractors Gold Steph Curry Cards that Mr. Koenig previously submitted in August and September 2016 (which Beckett was able to identify as trimmed), we cannot know with absolute certainty that Mr. Koenig re-submitted this same 2019-10 Topps Chrome Refractors Gold Steph Curry Cards a third time in October 2016. However, it is extremely likely for several reasons, including because: (1) the card is extremely rare; (2) the first two cards were trimmed and we now know that the third card was trimmed; (3) pop reports and public sales account for most other cards from the same limited series and reflect that those cards are not trimmed; (4) if Mr. Koenig owned *several* of the same rare card during this time period, it is odd that he never submitted more than one in the same batch of cards to be graded; (5) Mr. Koenig's overall submission history reflects a pattern of re-submitting cards from the same year/series/player after Beckett previously determined the a card from the same year/series/player was trimmed; (6) Beckett admits it cannot rule out that the Curry Card was found to be trimmed two previous times before graded as a 9.5. *See* Ex. 3 at 174:14-175:16.

## <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 26(a)(2) imposes requirements for disclosing expert witness opinions. These requirements vary based on whether the expert is considered "retained" or "non-retained." *Compare* Fed. R. Civ. P. 26(a)(2)(B) *with* Fed. R. Civ. P. 26(a)(2)(C).

The distinction between these types of experts is based on "common sense." *Jesus Church of Victoria Tex., Inc. v. Church Mut. Ins. Co.,* 627 F. Supp. 3d 715, 723 (S.D. Tex. 2022). "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Id. (quoting Ferrara Land Mgmt. Miss. v. Landmark Am. Ins. Co.,* 2021 U.S. Dist. LEXIS 201646, *6 (S.D. Miss. July 19, 2021); accord *Sis, LLC v. Orion Grp. Holdings, Inc.,* 2023 U.S. Dist. LEXIS 233454, *6-7 (S.D. Tex. Dec. 21, 2023); *Disalvatore v. Foretravel, Inc*., 2016 U.S. Dist. LEXIS 188559, *5-6 (E.D. Tex. May 2016). The same distinction applies regardless of whether a proposed expert is employed by a party. *See Lee v. Valdez*, 2008 U.S. Dist. LEXIS 70979, *6 (N.D. Tex. Sept. 18, 2008).

Non-retained experts "are typically limited to testifying about their opinions formed as a result of their knowledge of the case gained through direct observation." *Jesus Church of Victoria Tex., Inc.,* 627 F. Supp. 3d at 723. "These witnesses must testify from the personal knowledge they gained on the job, which may limit their testimony." *Id.* "In other words, 'the scope of a non-retained expert's testimony is limited to expert opinions based upon her personal knowledge and observations." *Id.* (quoting *MGMTL, LLC v. Strategic Tech.*, 2022 U.S. Dist. LEXIS 27682, *12 (E.D. La. Feb. 16, 2022).

## ARGUMENT

**I.**     **Since Mr. Isaacson Did Not Prepare a Report, His Testimony Should be Limited to his Personal Knowledge.**

Mr. Isaacson has no personal knowledge of the key facts and events with Beckett's grading of the Curry Card at issue in this case. Ex. 3 at 7:4-8:7. All of Mr. Isaacson's opinions related to this case were formed after litigation was filed, after reviewing a set of case-related materials that Defense Counsel selected for him. Ex. 3 at 207:7-210:15, 221:17-23, 223:22-224:1; *see e.g.,* Ex. 4 at 3 ("Plaintiffs' conclusion that Beckett negligently graded the Steph Curry Card in 2016 is not supported by any evidence.").

Since Mr. Isaacson had no ground-level involvement in – and no personal knowledge of – the events giving rise to litigation, he is considered a "retained" expert witness and was required to provide a report. *Jesus Church of Victoria Tex., Inc.,* 627 F. Supp. 3d at 723. However, Mr. Isaacson did not prepare or provide a written report. *See* Ex. 3 at 205:23-206:1; Ex. 4.

Since Mr. Isaacson did not provide a Rule 26 expert witness report, the scope of his live testimony at trial should be limited to his personal knowledge. *See Jesus Church of Victoria Tex., Inc.,* 627 F. Supp. 3d at 723; *MGMTL, LLC*, 2022 U.S. Dist. LEXIS 27682, *12.

**II.**     **Since Mr. Isaacson Has No Personal Knowledge of the Underlying Events, He Should Not Be Permitted to Provide "Expert" Testimony on Broader Case Issues.**

Since Mr. Isaacson has no personal knowledge of any of the facts or events at issue in this case, he cannot have any "relevant" expert opinions to offer.

To be admissible, expert testimony must be both reliable and relevant. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). Whether proposed expert testimony is "relevant" depends on whether the expert's reasoning can be "properly can be applied to the facts in issue." *Id.* When an expert cannot even address or connect their opinions about general issues

4

to the specific facts at issue, their expert opinions will not be relevant or helpful to the jury. *See Jesus Church of Victoria Tex., Inc.*, 627 F. Supp. 3d at 723 (quoting *Ferrara Land Mgmt. Miss.*, 2021 U.S. Dist. LEXIS 201646, *6) (Non-retained expert witnesses "cannot be asked to opine about broader issues beyond their own personal involvement.").

Here, since Mr. Isaacson had no personal involvement or knowledge, Ex. 3 at 7:4-8:7 and cannot testify to broader issues beyond his personal involvement, he has no relevant expert testimony to offer and should be excluded.

## CONCLUSION

For the foregoing reasons, Mr. Isaacson's proposed expert testimony should be excluded in its entirety. In the alternative, Mr. Isaacson's testimony should be limited to his personal knowledge.

**RESPECTFULLY SUBMITTED,**

**s/Mark Hammervold**
Mark Hammervold, IL #6320744
Hammervold Law
155 S. Lawndale Ave.
Elmhurst, IL 60126
(T) 405.509.0372
(F) 615.928.2264
mark@hammervoldlaw.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, before filing this Motion, undersigned Counsel conferred with Counsel for the Defendant on March 12, 2024, who advised that they *oppose* the relief sought in this Motion.

*/s/ Mark Hammervold*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2024, a true and correct copy of the foregoing filing was served upon all counsel of record in this proceeding through the ECF:

> Kendal Reed (kreed@condontobin.com)
> Abigail Campbell (acampbell@condontobin.com)
> Aaron Z. Tobin (atobin@condontobin.com)
> Condon Tobin
> 8080 Park Lane, Suite 700
> Dallas, Texas 75231
> *Attorneys for Defendant*

*/s/ Mark Hammervold*