IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALT PLATFORM, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-02867-N |
| | § | |
| BECKETT COLLECTIBLES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses defendant Beckett Collectibles, LLC's ("Beckett") motion to compel discovery [57]. For the reasons below, the Court grants in part and denies in part the motion to compel.

## I. ORIGINS OF THE MOTION

This case involves an alleged misrepresentation about whether a 2009 Stephen Curry trading card ("Curry Card") was physically altered at the time Beckett assigned it a grade of "9.5 Gem Mint." Pls.' Am. Compl. ¶¶ 47–51 [14]. The Court has previously discussed the factual allegations in this case and will not recount them in detail here. *See Alt Platform, Inc. v. Beckett Collectibles, LLC*, 2024 WL 4376156, at *1 (N.D. Tex. 2024). Beckett now moves to compel plaintiffs Alt Platform Inc.'s and Alt Sports Card Fund GP LLC's (collectively, "Alt") responses to a number of discovery requests and moves for sanctions under Rule 26(g). *See* Def.'s Mot. 2, 15 [57].

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to avoid discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of the proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

## III. THE COURT GRANTS IN PART AND DENIES IN PART THE MOTION TO COMPEL

Beckett, in its motion, generally seeks the following relief: (1) overruling Alt's objections to Beckett's discovery requests, (2) requiring Alt to fully respond to those requests, (3) requiring Alt to produce responses in an appropriate electronic format, and

MEMORANDUM OPINION AND ORDER – PAGE 2

(4) requiring Alt to produce a privilege log detailing the documents being withheld for privilege. *See* Def.'s Mot. 2. Upon review of the requests, objections, and briefs, the Court grants in part and denies in part Beckett's motion to compel.

### A. Alt Must Produce a Privilege Log

First, Beckett takes issue with Alt's privilege objections. Alt objects to Interrogatory Nos. 4 and 6 and Request for Production ("RFP") Nos. 11, 25, 35, and 36 on the basis of privilege. Def.'s Appx. 58, 62, 70, 72, 81–82 [58]. But Beckett argues (and Alt generally does not dispute) that Alt failed to provide any sort of privilege log detailing what documents were withheld and why. *See* Def.'s Mot 10–11; Pls.' Resp. 8 [70]. Based on the record, the Court concludes that Alt should be compelled to produce a privilege log.

Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party withholding information as privileged to: "(i) expressly make the claim" of privilege, and "(ii) describe the nature" of the withheld information in a way that "will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5). "A withholding party must 'expressly' make its claim of privilege by submitting some form of privilege log describing the otherwise discoverable information being withheld." *United States v. Louisiana*, 2015 WL 4619561, at *2 (M.D. La. 2015). A privilege log typically must identify each withheld document and provide information sufficient for a court to test the merits of the privilege claim. *See Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 20–21 (N.D. Tex. 2021) (stating that privilege log should state the "author, recipient, date, and general nature of the document").

Here, Alt did not produce any privilege log whatsoever. In its motion response, Alt points to an email where Alt's counsel identified two documents that were redacted for

MEMORANDUM OPINION AND ORDER – PAGE 3

privilege purposes.  *See* Pls.' Resp. 8; Pls.' Appx. 23 [71].  But otherwise, there is nothing in the record indicating that Alt has produced a privilege log sufficient for Beckett to assess Alt's claims of privilege.  Accordingly, because Alt has a duty to do so under Rule 26(b)(5), the Court orders Alt to produce a privilege log detailing the otherwise discoverable documents it is withholding on the basis of privilege.  However, Alt need not log any documents that consist of communications, made after the date of this lawsuit, to which only Plaintiffs' counsel and his clients are parties.

Alt's only live objections to RFP No. 11 and Interrogatory No. 6 are that they call for privileged information.  *See* Def.'s Appx. 58, 72.  The Court therefore orders Alt to provide a complete response of nonprivileged information to RFP No. 11 and Interrogatory No. 6 and then log any documents being withheld on the basis of privilege.

### B.  *"Subject to" Language*

Beckett opposes Alt's repeated use of "subject to" language in responding to Beckett's discovery requests.  Def.'s Mot. 11.  Based on established law in this district, the Court concludes that these responses are insufficient.  When "a party responds to a discovery request, subject to or without waiving such objection, such objection and answer . . . leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (cleaned up) (quoting *Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, 2008 WL 4327253, at *3 (S.D. Fla. 2008)).  Accordingly, for each discovery request to which Alt responded with "subject to" language, it must state whether it is withholding any other documents or information based

MEMORANDUM OPINION AND ORDER – PAGE 4

on its objections.  *Accord* FED. R. CIV. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Alt responds to Beckett's requests for production Nos. 4 and 19 "subject to" its objections.  Def.'s Appx. 57, 60.  Beckett does not seek a ruling on Alt's objections to these requests, and only seeks an order requiring Alt to state whether it is withholding documents based on its objections.  Thus, Alt is ordered state whether it is withholding any responsive documents based on its objection to RFP Nos. 4 and 19.

### C.  RFP Nos. 1, 2, and 3

Beckett's requests for production Nos. 1–3 seek partnership agreements, formation documents, and acquisition agreements involving the plaintiffs.  Def.'s Appx. 56.  In response, Alt produced some documents but objected to any further production because it would be irrelevant and overly burdensome.  *Id.* at 56–57.  Beckett now seeks to have these objections overruled.  Def.'s Mot. 9.  However, Beckett did not raise these issues in any of its four deficiency letters with Alt.  *See* Def.'s Appx. 41–52.  And in its motion to compel, Beckett does not articulate any specific information it seeks from these requests.  As a result, the Court concludes that the parties failed to confer in good faith about RFP Nos. 1–3 and therefore declines to compel further production on these requests. *See Samsung Elecs. Am., Inc.*, 321 F.R.D. at 285 ("When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements." (citation omitted)).

### D.  RFP No. 7

Beckett's request for production No. 7 seeks documents "sufficient to show the complete chain of custody of the Curry Card." Def.'s Appx. 57. In response, Alt objected that "chain of custody" is vague and ambiguous, and also that the request calls for documents not in its possession. *Id.* It also states that "subject to" these objections, Alt produced responsive documents showing the "chain of custody" after it came into possession of the Curry Card in October or November 2020. *Id.* First, the Court overrules Alt's vagueness objection. The fact that it was able to produce documents sufficient to show the chain of custody starting from November 2020 indicates that the request was not so vague as to be objectionable. Second, Beckett's instructions on its requests for production specifically ask only for documents within Alt's possession, custody, and control. Def.'s Appx. 2. Thus, Alt need not provide documents outside its possession, custody, and control. The Court therefore overrules these objections and orders Alt to supplement its response to RFP No. 7 or certify that its existing response is complete.

### E.  RFP No. 8

Beckett's request for production No. 8 seeks documents "sufficient to show the complete chain of ownership of the Curry Card." Def.'s Appx. 58. In response, Alt objected that "chain of ownership" is vague and calls for legal conclusion. *Id.* It also states that "subject to" these objections, Alt produced responsive documents. *Id.* First, the Court overrules Alt's vagueness objection. The fact that it was able to find and produce responsive documents indicates that the request was not so vague as to be objectionable. Second, the Court overrules Alt's legal conclusion objection. An objection that a request

for production calls for a legal conclusion is generally not valid. *See Vickers v. JP Morgan Chase N.A.*, 2013 WL 12134153, at *14 & n.119 (W.D. Tex. 2013). The Court agrees that here, this not a valid objection to this request. The Court therefore overrules these objections and orders Alt to supplement its response to RFP No. 8 or certify that its existing response is complete.

### F. RFP No. 12

Beckett's request for production No. 12 seeks documents "sufficient to show each and every person who had access to the Curry Card from October 2016 through March 13, 2023." Def.'s Appx. 58–59. In response, Alt objected that "access" is vague, the request is disproportionately burdensome, and it calls for documents not in its possession. *Id.* at 59. It also states that "subject to" these objections, Alt produced responsive documents. *Id.* First, the Court overrules Alt's vagueness objection. The fact that it was able to find and produce responsive documents indicates that the request was not so vague as to be objectionable. Second, the Court overrules Alt's burden objection. In order to succeed on such an objection, Alt must make specific arguments, supported by evidence, that show why the request would impose a burden and why that burden is out of proportion to the needs of the case. *See* FED. R. CIV. P. 34(b)(2)(B) (requiring that objections must "state with specificity the grounds for objecting to the request, including the reasons"); *see also Heller*, 303 F.R.D. at 490. Third, Beckett's instructions on its requests for production specifically ask only for documents within Alt's possession, custody, and control. Def.'s Appx. 2. Thus, Alt need not provide documents outside its possession, custody, and

control.  The Court therefore overrules these objections and orders Alt to supplement its response to RFP No. 12 or certify that its existing response is complete.

### G.  RFP No. 20

Beckett's request for production No. 20 seeks all "communications and correspondence with PSA concerning the Curry Card."  Def.'s Appx. 61.  In response, Alt objected that the request is disproportionately burdensome and irrelevant.  *Id.*  It also states that "subject to" these objections, Alt produced responsive documents.  *Id.*  First, the Court overrules Alt's burden objection.  In order to succeed on such an objection, Alt must make specific arguments, supported by evidence, that show why the request would impose a burden and why that burden is out of proportion to the needs of the case.  *See Heller*, 303 F.R.D. at 490.  Here, it did not do so.  Second, the Court overrules Alt's relevance objection.  PSA was the entity that first opined that the Curry Card was altered.  *See* Def.'s Br. Supp. Mot. Summ. J. 4 [55].  Thus, Alt's communications with PSA concerning the Curry Card are relevant to the dispute about when it became altered.  The Court therefore overrules these objections and orders Alt to supplement its response to RFP No. 20 or certify that its existing response is complete.

Beckett also specifically argues that Alt failed to produce documents related to an attempt to cross-grade the Curry Card with PSA at a 2021 convention.  *See* Def.'s Mot. 12; Pls.' Resp. 5.  Beckett also seeks communications between Alt and Jackie Curiel regarding a letter from her that Alt produced.  Def.'s Mot. 12, 15.  However, Beckett does not identify which discovery requests these documents relate to.  *See id.*  The Court views that such documents are, at least, responsive to RFP No. 20.  On the cross-grade attempt, Alt argues

MEMORANDUM OPINION AND ORDER – PAGE 8

that, in fact, Alt never took the Curry Card to that 2021 convention, did not attempt to cross-grade it there, and the contrary testimony by Darius Sadeghi is mistaken. Pls.' Resp. 5. And on the Curiel communications, Alt states that it has searched and found no responsive documents. *Id.* at 6. Accordingly, the Court's order compelling supplemental responses to RFP No. 20 does not include these specific documents, as Alt represents to the Court that they do not exist.

### H. RFP No. 21

Beckett's request for production No. 21 seeks all "communications and correspondence with any person concerning the Curry Card." Def.'s Appx. 61. In response, Alt objected that the request is overly broad and vague to the extent it calls for documents not in its possession. *Id.* It also states that "subject to" these objections, Alt produced responsive documents. *Id.* Beckett's instructions on its requests for production specifically ask only for documents within Alt's possession, custody, and control. Def.'s Appx. 2. Thus, Alt need not provide documents outside its possession, custody, and control. The Court therefore overrules these objections and orders Alt to supplement its response to RFP No. 21 or certify that its existing response is complete.

Beckett also specifically argues that Alt has failed to produce certain electronic communications — Slack messages — in an appropriate format. *See* Def.'s Mot. 13; Def.'s Reply 8 [73]. Alt produced PDFs of the messages, but Beckett objected and requested the messages be produced in their native format. Pls.' Resp. 5. Alt's counsel sought guidance from Beckett's counsel on what they wanted, and then specifically followed directions sent by Beckett's counsel to produce ".json" files of the Slack messages. *Id.* at 5–6. But

MEMORANDUM OPINION AND ORDER – PAGE 9

Beckett's counsel found that format unusable. *Id.* at 6. Alt objects to providing the Slack messages in another format, as it would likely require retaining an e-discovery vendor at cost. *Id.*

   Based on the limited information in the record, the Court concludes that PDFs are a "reasonably usable format" and therefore permissible. Rule 34 provides that "(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) a party need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E)(ii)–(iii). Here, Beckett's request did not require production in any specific form, and therefore Alt is permitted to produce it in the form in which it is ordinarily maintained or in a reasonably usable form. Beckett opposed the use of PDFs because some of the documents "include pop ups or bubbles obscuring the conversation." Def.'s Appx. 50. And Beckett further suggests that they do not include dates for the conversations. Def.'s Reply 8. However, beyond these issues, there is nothing else in the record indicating that PDF is not a reasonably usable format. And other courts have found PDF to be a reasonably usable format for electronic communications. *See, e.g.*, *Metro Serv. Grp. v. Waste Connections Bayou, Inc.*, 2022 WL 2255203, at \*4 (E.D. La. 2022). Further, even if the PDFs do not include dates, Beckett's requests for production do not themselves appear to require the production of such metadata. *See id.* ("Ordinarily, courts will not compel the production of metadata when a party did not make that a part of its request." (citation omitted)).

MEMORANDUM OPINION AND ORDER – PAGE 10

To the extent there are "pop ups or bubbles obscuring" the produced communications, Alt will need to supplement its production to ensure that the communications are unobstructed. To that end, the parties are directed to meet and confer to resolve issues with any specific Slack messages. Beyond that, the Court declines to require Alt to produce the Slack messages in an alternate format.

### I. RFP No. 25

Beckett's request for production No. 25 seeks all "affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person you intend to call as a witness at trial." Def.'s Appx. 61. In response, Alt states it has produced all affidavits and sworn statements in its possession, but otherwise objected that the request is vague, unduly burdensome, and calls for privileged information. *Id.* at 62. The Court views that this request seeking, among other things, "notes . . . relating to any person you intend to call as a witness" calls for attorney work product and therefore the Court sustains Alt's objection. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020) ("The work-product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witness' statements from an opposing counsel's inquiries." (internal quotation marks omitted)). And even beyond notes, this request would functionally require Alt to disclose its witness list before it is required to do so under the scheduling order, thereby giving Beckett too-early insight into Alt's potential trial strategy. *See Hunt v. McNeil Consumer Healthcare*, 2012 WL 5245315, at *4–5 (E.D. La. 2012) (sustaining work-product objection to discovery request about whether a particular witness

will testify); Am. Scheduling Order 2 [41].  Thus, the Court sustains Alt's objection to this request.

### J.  RFP No. 27 and Interrogatory No. 8

Beckett's request for production No. 27 and interrogatory No. 8 seek documents and information "related to every trading card You have submitted to any grading company that was deemed to have been trimmed or altered". Def.'s Appx. 77, 89.  In response, Alt objected that "You" includes more than Plaintiffs (specifically, it includes Plaintiffs' employees), the request is overly burdensome, and it is not likely to lead to relevant evidence. *Id.*  The Court sustains the relevance objection as to Alt's employees' cards.  In the definitions of Beckett's second requests for production, it defines "You" as including Plaintiffs' employees. Def.'s Appx. 26.  Alt specifically argues that many of its employees are card collectors, and it would require significant effort to find and produce all documents about all Plaintiffs' employees' personal trading cards.  *Id.* at 77.  The Court agrees that such documents are not relevant to the issues in this case.  The conduct of Alt's employees separate and apart from their employment with Alt has no bearing on the claims or defenses regarding the Curry Card.  Accordingly, to the extent the request calls for producing documents about Alt's employees' personal trading cards, the Court sustains Alt's objections.

Then, the Court further sustains Alt's objections as to cards Alt has submitted on behalf of other customers.  Alt explains that it "will often submit customers' cards to grading companies for evaluation as a service," and to produce documents related to all of these cards would require significant investigation.  *Id.*  And Alt argues that documents

MEMORANDUM OPINION AND ORDER – PAGE 12

about its other customers' cards would not be relevant, as Alt was neither the owner nor decisionmaker about whether to submit these cards for grading. *See* Pls.' Resp. 6–7. The Court agrees that information about Alt's customers' trading cards is likely not relevant to the issues in this case. Accordingly, the Court sustains Alt's objections as to its customers' cards. Therefore, the Court orders Alt to produce information responsive to RFP. No. 27 and Interrogatory No. 8 not including documents or information relating to its employees' personal cards or its customers' cards, or certify that its existing response is complete.

### K.  RFP No. 28

Beckett's request for production No. 28 seeks all "documents and communications You have received from any third party that relate to the allegations set forth in You [sic] Complaint, whether such documents support or fail to support, contradict, or dispute any of those allegations, without limitation, all communications between You and the persons identified in Your Rule 26 Initial Disclosures related to this litigation." Def.'s Appx. 78. In response, Alt objected that "You" includes more than Plaintiffs, and the request is unduly burdensome, overly broad, and vague. *Id.* Alt also states that it has already searched and produced documents responsive to "similarly-worded requests," and states that if Beckett can "provide more targeted guidance" then Alt will confer and attempt to reach agreement about supplementing its responses. *Id.*

For this request, the Court denies the motion to compel. Alt has already stated that it has produced documents to the extent that it understands the request for production. This request, spanning all documents and communications with any other person that relate to the allegations in the complaint, is quite broad. And the Court cannot determine from

MEMORANDUM OPINION AND ORDER – PAGE 13

Beckett's motion if there is any specific information that Beckett seeks from this request that it does not already have. Accordingly, the Court sustains Alt's objections.

### L.  RFP Nos. 32, 33, 39 and Interrogatory Nos. 9, 10, and 11

Beckett's requests for production Nos. 32, 33, and 39 and interrogatories Nos. 9, 10, and 11 seek information "related to every trading card You purchased from Christopher Ladd [or Goldin Auctions, or Keith Koenig] that has been deemed to have been trimmed or altered in any way." Def.'s Appx. 79–80, 83, 89–90. In response, Alt objected that "You" includes Plaintiffs' employees, and that given that many employees are collectors, it would be unduly burdensome to have to search information from all employees. *Id.* Alt also says that it has produced documents related to the Curry Card and is not otherwise aware of any purchases it made from Christopher Ladd, Goldin Auctions, or Keith Koenig that were deemed trimmed or altered. *Id.* The Court sustains Alt's objections, as documents related to Alt's employees' personal cards are not relevant to this case. Then, given that Alt has fully responded regarding its own cards, the Court denies the motion to compel as to RFP Nos. 32, 33, and 39 and Interrogatory Nos. 9, 10, and 11.

### M.  RFP No. 34 and Interrogatory No. 12

Beckett's request for production No. 34 and interrogatory No. 12 seek all information "related to every trading card You have broken out of or removed from tamper proof or similar protective slabs." Def.'s Appx. 80, 91. In response, Alt objected that "You" includes Plaintiffs' employees, that this request is unduly burdensome, and not relevant. *Id.* Specifically, Alt argues that it may remove more than fifty cards from their protective slabs each year, and that Alt does not catalog such events and therefore would

MEMORANDUM OPINION AND ORDER – PAGE 14

require significant investments of time and resources to search for and produce all documents and communications related to each of these events. Pls.' Resp. 7. The Court sustains this objection, but only as to Alt's employees' cards. As the Court has previously noted, documents related to Alt's employees' personal trading cards are not relevant to the case. However, the Court otherwise overrules this objection. The request is relevant to Beckett's defense that the card could have been damaged during the cracking process. *See* Def.'s Reply 9. Then, Alt's own choice to not document or catalog when it removes cards from protective slabs does not excuse it from having to produce these relevant documents. And while Alt asserts it would be burdensome to search for these documents given the number of cards it cracks each year, Alt does not submit any evidence on that point from which the Court can conclude such a burden exists. *See Heller*, 303 F.R.D. at 490 (stating that "the party resisting discovery [must] show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"). Accordingly, the Court orders Alt to produce documents and information responsive to RFP. No. 34 and Interrogatory No. 12 but not including documents or information relating to its employees' personal cards.

### N.  RFP Nos. 35–37

Beckett's requests for production Nos. 35, 36, and 37 seek documents and communications related to every lawsuit Alt is a party to related to the Curry Card, every lawsuit Alt is a party to related to the trimming of a card, and all communications between Alt and Christopher Ladd. Def.'s Appx. 81–82. In response, Alt objected that RFP Nos. 35 and 36 are overbroad, and that all three RFPs call for privileged information. *Id.* Alt

MEMORANDUM OPINION AND ORDER – PAGE 15

then responded "subject to" these objections, stating that there are only two applicable lawsuits — this one and a suit against Christopher Ladd in the Western District of Wisconsin. *Id.* Alt further argued that producing all information about this other lawsuit would be unduly burdensome or not relevant and noted that the pleadings for that case are available on PACER. *Id.*

Then, during the pendency of this motion to compel, Alt settled its claim against Christopher Ladd. Def.'s Suppl. Br. 2 [85]. That claim also related to the Curry Card. *Id.* at 1. In response, Beckett filed a supplement to the motion to compel, seeking the settlement agreement in that case. *See id.* Beckett argues that it sought this settlement agreement from Alt, but Alt refused on the basis that it came into existence after the discovery deadline and therefore is not discoverable. *Id.* at 2. Beckett then argues that Alt should be compelled to produce the settlement agreement because it is relevant to, at least, the issue of double recovery, and because Ladd may have assigned his claims against Beckett to Alt. *Id.* at 5–6.

Considering the arguments, the Court sustains Alt's objections as to all non-publicly available documents about the Ladd lawsuit except for the Settlement Agreement itself. Alt is correct that the filings in the Ladd case are publicly available via PACER, which is a less burdensome avenue for Beckett to obtain those documents. *See Alt Sports Card Fund GP, LLC v. Ladd*, No. 3:23-cv-00752-jdp (W.D. Wis.). Beyond that, requiring Alt to provide essentially its entire file related to the Ladd lawsuit goes beyond the needs of this case and also calls for privileged materials and attorney work product. Accordingly, the Court sustains Alt's objections to producing these documents. However, these

MEMORANDUM OPINION AND ORDER – PAGE 16

concerns about privilege, work product, burden, and relevance are not present for the Settlement Agreement itself. Therefore, the Court overrules Alt's objections only as to the Settlement Agreement.

Then, the fact that the settlement agreement did not exist at the time of the discovery deadline does not necessarily render it undiscoverable. "Neither the Federal Rules nor the Advisory Notes . . . advise as to whether the duty to supplement applies to documents created, or events that occur, after the close of discovery, and the Fifth Circuit has yet to speak on the matter." *Belcher v. Lopinto*, 2020 WL 6144839, at *2 (E.D. La. 2020) (footnote omitted). "Courts have, however, recognized that Rule 26(e)'s ongoing duty to supplement previous answers is not subject to the Scheduling Order deadline and require [sic] supplementation even through the time of trial." *Baqer v. St. Tammany Parish Gov't*, 2023 WL 4846828, at *5 (E.D. La. 2023) (collecting cases). And on this point, many of the cases Alt cites to oppose Beckett's request are focused on the potential for delay or prejudice to the nonmoving party. *See, e.g.*, *Our Child.'s Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *3 (N.D. Cal. 2015) (stating that "endless rolling production would undermine the mandate of Federal Rule of Civil Procedure 1 to apply the rules 'to secure the just, speedy, and inexpensive determination of every action'" (quoting FED. R. CIV. P. 1)); *Kuhns v. City of Allentown*, 2010 WL 4236873, at *3 (E.D. Pa. 2010) (noting that additional supplementation in that case "would be to invite rolling discovery in a way that would unfairly burden one party in a suit and indefinitely postpone trial").

MEMORANDUM OPINION AND ORDER – PAGE 17

Here, there is no concern with delay. This case is currently stayed, and there is no trial date set. And there is likewise no concern with prejudice to Alt in having to produce the settlement agreement. Presumably the agreement consists of documents that are clearly known and accessible to Alt. And further, requiring supplementation here will not "invite rolling discovery," as Alt has already represented that the Ladd suit is the only other lawsuit that could be the subject of these discovery requests. Accordingly, the Court overrules Alt's objections to the Ladd Settlement Agreement and orders Alt to produce that document.

### O.  RFP No. 40

Beckett's request for production No. 40 seeks all "documents and communications related to Your Beckett member account(s)." Def.'s Appx. 83. In response, Alt objected that the request is overly broad, unduly burdensome, vague, and irrelevant. *Id.* Alt also argues that "most, if not all responsive documents" would already be in Beckett's possession. *Id.* It also says that subject to this objection, Alt is willing to confer and supplement if Beckett can "identify more targeted documents they are seeking or make a showing of the relevance." *Id.* Additionally, Alt argues that Alt's counsel "legitimately did not understand what type of documents Beckett was looking for," brought the issue up with Beckett's counsel during a meet and confer call, still did not understand, and ultimately Beckett "did not follow up on the request" leading Alt to think the issue was

resolved.  Pls.' Resp. 4.  Given that the parties are not clear on the meaning of this request, the Court sustains Alt's vagueness objection.

### P.  Interrogatory No. 1

Beckett's interrogatory No. 1 seeks the Curry Card's "complete chain of custody" during the relevant time period.  Def.'s Appx. 66–67.  In response, Alt objected that the request called for information that Alt did not have, was unduly burdensome, and included irrelevant information.  *Id.* at 67.  Specifically, it argues that "[d]etailing every person tangentially involved with handling, storing, or transporting the Curry Card over seven years is irrelevant because the Curry Card was in Beckett's tamper-proof slab."  *Id.*  Alt then answered the interrogatory "subject to" its objections.  *Id.*  First, given that a Court "cannot compel a party to produce what it does not have," *Landmark Am. Ins. Co. v. Gargoyle Mgmt. Inc.*, 2024 WL 5424423, at *4 (N.D. Tex. 2024), the Court will not compel Alt to produce responsive information that it does not have.  Otherwise, the Court overrules Alt's burden and relevance objections.  Alt fails to show with particularity how or why the burden to produce responsive information would be disproportionate to the needs of the case.  *See Heller*, 303 F.R.D. at 490.  And the possession history of the Curry Card is relevant to, at least, Beckett's defense that the damages "are the result of the fault and/or actions of third parties over whom Beckett had no control."  *See* Def.'s Answer 8 [36]; Def.'s Br. Supp. Mot. Summ. J. 10 (considering the possibility that Alt may have accidentally trimmed the Curry Card when removing it from the slab).  The Court therefore

orders Alt to supplement its response to Interrogatory No. 1 or certify that its existing response is complete.

### Q. Interrogatory No. 2

Beckett's interrogatory No. 2 seeks the Curry Card's "complete chain of ownership" during the relevant time period. Def.'s Appx. 68–69. In response, Alt objected that the request was vague and called for a legal conclusion. *Id.* at 69. Alt then answered the interrogatory "subject to" its objections. *Id.* First, the Court overrules Alt's vagueness objection. Alt makes no showing of how the interrogatory is vague and the fact that it supplied an answer subject to the objection indicates it sufficiently understood the request. Second, the Court overrules Alt's legal conclusion objection. "Federal Rule of Civil Procedure 33(a)(2) specifically explains that '[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)' and that '[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.'" *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). The Court therefore orders Alt to supplement its response to Interrogatory No. 2 or certify that its existing response is complete.

### R. Interrogatory No. 3

Beckett's interrogatory No. 3 seeks all facts, identification of all documents, and information about all witnesses with knowledge related to Alt's contention that the Curry Card was trimmed at the time Beckett graded it. Def.'s Appx. 69. In response, Alt objected that it should not have to answer this "contention interrogatory" until after discovery is substantially completed. *Id.* Alt then answered the interrogatory "subject to" its objection.

MEMORANDUM OPINION AND ORDER – PAGE 20

*Id.* The Court overrules this objection. Nearly eight months of discovery occurred between Alt making this objection and the motion to compel being filed. *Compare* Def.'s Appx. 73, *with* Def.'s Mot. 1. And the discovery deadline has since passed. *See* Am. Scheduling Order 2. The Court sees no reason to further delay responses to this interrogatory. The Court therefore orders Alt to supplement its response to Interrogatory No. 3 or certify that its existing response is complete.

### S.  Interrogatory No. 4

Beckett's interrogatory No. 4 seeks the identity of "all persons from whom you have received any statement, whether oral or written, at any time, concerning the claims and defenses of the parties or allegations in Plaintiffs' Amended Complaint" along with a description and of the statement's substance and an identification of associated documents. Def.'s Appx. 70. In response, Alt objected that this request is overbroad and vague. *Id.* Alt further objected to identifying any statements made to counsel, or at counsel's request, on the basis of privilege.

This interrogatory, seeking information from all persons that in any way relates to any claim, defense, or allegation in the case is very broad and not proportional to the needs of this case. And further, the request asking for statements "at any time" goes beyond the relevant time period for this case and is likewise overbroad. Accordingly, the Court sustains Alt's objections to Interrogatory No. 4.

### T.  Interrogatory No. 5

Beckett's interrogatory No. 5 seeks the identity of "all persons with knowledge concerning the claims and defenses of the parties or the allegations in Plaintiffs' Amended

MEMORANDUM OPINION AND ORDER – PAGE 21

Complaint" along with details of their knowledge. Def.'s Appx. 70. In response, Alt objected that this request is overbroad because it requires identifying everyone with any knowledge, "no matter how tangential or cumulative." *Id.* Alt then answered the interrogatory "subject to" its objections. *Id.* at 71.

This interrogatory, seeking anyone with any knowledge about any contention in the case is very broad and not proportional to the needs of this case. Additionally, it seems that this request is substantially duplicative of Alt's required initial disclosures under Rule 26(a)(1)(A)(i). Accordingly, the Court sustains Alt's objection to Interrogatory No. 5.

### U.  Interrogatory No. 7

Beckett's interrogatory No. 7 seeks the date Alt's "relationship with Beckett was established" and a description of the relationship. Def.'s Appx. 73. In response, Alt objected that this request was vague and ambiguous as to the term "relationship." *Id.* Alt then noted that it was willing to meet and confer to understand the request and then provide a supplemental response. *Id.* Alt fails to show how or why the term "relationship" is vague or ambiguous in this case. And it is not clear from the face of this interrogatory that a responding party would not understand what is requested. The Court therefore overrules this objection and orders Alt to respond to Interrogatory No. 7.

### V.  Interrogatory No. 15 and RFP No. 31

Beckett's interrogatory No. 15 and RFP No. 31 seek information about Alt's efforts to mitigate damages. Def.'s Appx. 79, 92. In response, Alt objected that the requests are vague and call for a legal conclusion. *Id.* Alt then partially answered the interrogatory "subject to" these objections. *Id.* at 92. In answering, Alt specifically stated

MEMORANDUM OPINION AND ORDER – PAGE 22

that "Plaintiffs were damaged because the Curry Card was trimmed when Beckett had certified it was not . . . [t]here is nothing Plaintiffs could do to stop or undo the Curry Card having been trimmed [and] Plaintiffs have not and could not have 'mitigated' their damages by selling the Curry Card because they were obligated to preserve the Curry Card as evidence for this claim." *Id.*

The Court overrules Alt's objections to Interrogatory No. 15 but sustains its objections to RFP No. 31. The Court overrules Alt's vagueness objection, as Alt's partial response indicates it generally understood what Beckett was requesting. And the Court further overrules Alt's legal conclusion objection to Interrogatory No. 15. "Federal Rule of Civil Procedure 33(a)(2) specifically explains that '[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)' and that '[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.'" *Areizaga*, 314 F.R.D. at 437.

However, the Court sustains Alt's objections to RFP No. 31. Alt's response states that "Plaintiffs have not and could not have 'mitigated' their damages," and therefore have no documents responsive to the request. And while contention interrogatories are generally appropriate, requests for production require more targeted language to ensure the requests are understandable and proportional to the needs of the case. Therefore, the Court grants the motion to compel as to Interrogatory No. 15 but denies it as to RFP No. 31.

## IV. THE COURT DENIES BECKETT'S MOTION FOR SANCTIONS

In addition to seeking discovery responses, Beckett also moves for the imposition of discovery sanctions under Rule 26(g). Def.'s Mot. 15. Courts may award sanctions

under Federal Rule of Civil Procedure 37 for failure to comply with discovery obligations. Rule 37(a)(5)(A) requires a Court to grant a request for reasonable expenses incurred in making a successful motion to compel, except a Court must not grant expenses where the movant prematurely sought judicial intervention, the opposing party's objections were "substantially justified," or an award of expenses is unjust. FED. R. CIV. P. 37(a)(5)(A). If the motion is granted in part and denied in part, the court may apportion expenses for the motion at its discretion. FED. R. CIV. P. 37(a)(5)(C). A court may also enter sanctions pursuant to its inherent powers, under which it has "the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks omitted). When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006).

Considering all the circumstances and the broad nature of the discovery requests and objections at issue here, the Court concludes that an award of sanctions here would not serve the interests of justice. The record does not disclose evidence that Alt destroyed evidence or acted in bad faith in objecting to Beckett's discovery requests. Any documents or information not produced was done so based on Alt's good-faith objections to the requests. There is no indication of prejudice to Beckett here (or a need to cure any such

prejudice with a continuance), especially given that the case is stayed as of the time of this Order.  Accordingly, the Court declines to award discovery sanctions at this juncture.

CONCLUSION

In sum, the Court orders Alt to produce a privilege log and grants the motion to compel as to RFP Nos. 4, 7, 8, 11, 12, 19, 20, 21, 27, 34, 35, 36, and 37 and interrogatory Nos. 1, 2, 3, 6, 7, 8, 12, and 15 as described above.  Alt is ordered to provide this supplemental production to Beckett by 5:00pm on Friday, April 11, 2025.  The Court otherwise denies the motion to compel and denies Beckett's motion for sanctions.

Signed March 17, 2025.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 25